# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHAEL ANTHONY WRIGHT, SR.,<br><br>                       Plaintiff,<br>v.<br><br>DONALD L. CONNER, II,<br>MICHAEL R. BARTH,<br>ALLEN B. TORHORST,<br>JENNIFER TANCK-ADAMS,<br>JEREMY R. ARN, and<br>ZIMMERMAN CONSULTANT<br>INCORPORATION,<br><br>                       Defendants. | Case No. 12-cv-766-JPS<br><br><br><br><br>**ORDER** |

      The plaintiff, who is incarcerated at Dodge Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while his criminal case was pending in Racine County. This matter comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis* and for screening of his complaint.

      The plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $2.21.

      The court is required to screen complaints brought by individuals proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). The court must dismiss

a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In March 2010, the plaintiff was arrested for robbery and fleeing/eluding an officer. The plaintiff was taken into custody, bond was set, the cash bond was posted, and the plaintiff was released from custody. In April 2010, an additional charge of theft was added. A signature bond was issued for this charge, with house arrest and electronic monitoring as a

condition. In November 2010, the plaintiff entered a plea dismissing the theft charge. At that hearing and subsequent hearings, the plaintiff was informed that he must keep reporting to defendant Zimmerman Consultant Incorporation. None of the defendants did anything to remove the plaintiff from electronic monitoring.

In November 2011, Zimmerman notified the plaintiff that he was in violation of his bond and referred the plaintiff to the courts. At the hearing, the prosecutor asked the court to revoke the plaintiff's bond. It was only then that defendant Judge Allen Torhorst stated that the plaintiff was not on house arrest/G.P.S. monitoring, and should have been as of November 2010, when he entered into a plea agreement regarding the theft charge and it was dismissed. The plaintiff avers that the defendants participated and did nothing to remove the plaintiff from monitoring by surveillance and house arrest. As a result, he was incorrectly kept on electronic monitoring for a year after entering a plea in November 2010.

The defendants named by the plaintiff include defense attorneys, prosecutors, the Racine County judge overseeing his criminal case, and the company that provides the monitoring service that administers electronic monitoring for the State of Wisconsin in the City of Racine. For the following reasons, the plaintiff's claims against each of the defendants fail.

First, criminal defense attorneys cannot be sued under 42 U.S.C. § 1983 because they do not qualify as a "state actor." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Even an appointed public defender does not act under color of state law. *Id.* Thus, defendants Donald L. Conner II, Mark Lukoff, and Michael R. Barth were not acting under the color of law in their

representation of plaintiff and the court lacks subject matter jurisdiction over plaintiff's claims against them.

Second, the doctrine of judicial immunity protects judges from the fear of future litigation brought by disgruntled litigants unhappy with judicial decision-making. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988). The plaintiff's claim against defendant Judge Allen B. Torhorst fails because "[a] judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011).

Third, prosecutors are entitled to absolute immunity from suit for all actions and decisions undertaken in furtherance of their prosecutorial duties. *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) (citing *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)). "Whether or not an action falls within the scope of his prosecutorial duties depends upon its function." *Fields*, 672 F.3d at 510 (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009)). "Absolute immunity extends beyond an individual prosecutor's decision to indict or try a case" and "endeavors to preserve the functioning of the public office." *Fields*, 672 F.3d at 510. The protection "encompasses any action directly relevant to a prosecutor's ability to conduct a trial." *Id.* The actions of the prosecutors that the plaintiff complains of here, e.g., determining whether the plaintiff should remain on electronic monitoring after pleading guilty to the charge for which the monitoring was imposed, are entitled to absolute immunity.

Finally, even assuming that the company contracted to provide electronic monitoring services was acting under the color of state law, a private corporation can be held liable under § 1983 for its employees' constitutional violations only if a policy or practice of the corporation caused

the violation. *See Woodward v. Correctional Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). The plaintiff does not suggest that any policy of or practice by Zimmerman resulted in the additional year of electronic monitoring after the plaintiff's guilty plea in the theft case. Thus, the plaintiff's complaint does not state a claim against Zimmerman.

To the extent the plaintiff is seeking a state law remedy against Zimmerman, the court will not exercise its supplemental jurisdiction to entertain the plaintiff's state law claims because the plaintiff does not have a viable federal claim. *See* 28 U.S.C. § 1367. Moreover, it also appears that the plaintiff and Zimmerman are both residents of Wisconsin, so there is not federal jurisdiction to hear this matter under the diversity statute. *See* 28 U.S.C. § 1332; *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676 (7th Cir. 2006).

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. *Neitzke v. Williams*, 490 U.S. 319 (1989)).

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1);

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g);

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $347.79 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that the clerk of court is directed to enter judgment accordingly;

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined; and

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 24th day of August, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge